UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FRAZIER RICHARDSON, | No. 2:20-cv-00113 JAM CKD PS |
| Plaintiff, | |
| v. | ORDER & |
| COUNTY OF SHASTA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

**I.   Introduction**

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff's motion to remand (ECF No. 5) and defendants' motion to dismiss (ECF No. 4) came on regularly for hearing on February 26, 2020. Plaintiff appeared in pro per and Nathan Jackson appeared on behalf of defendants. Having considered the motion, opposition, and reply papers, and the record in this matter, the court will recommend denying the motion to remand, and granting the motion to dismiss.

**II.   Procedural History**

On January 15, 2020, defendants removed this matter from Shasta County Superior Court under 28 U.S.C. § 1441(a) and (c) and federal question jurisdiction. (ECF No. 1.)

On January 22, 2020, defendants filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. (ECF No. 4.) Plaintiff filed an opposition (ECF No. 8), and defendants filed a reply (ECF No. 11).

On January 29, 2020, plaintiff filed a motion to remand his petition for writ of mandate, which was filed along with his complaint in superior court. (ECF No. 5.) Defendants filed an opposition (ECF No. 9), and plaintiff filed a reply (ECF No. 10).

### III. Allegations in the First Amended Complaint

On September 30, 2019, plaintiff filed his original complaint in state court. (ECF No 1 at 5–15.) On December 6, 2019, plaintiff filed a first amended complaint and a petition for writ of mandate. (Id. at 17–31; and id. at 33–42.)

Plaintiff's first amended complaint (FAC) alleges four claims against defendants: (1) negligent infliction of emotional distress; (2) right to due process of law under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments; (3) age discrimination under California Government Code section 12940(a); and (4) declaratory and injunctive relief under 42 U.S.C. § 1983 and California Government Code section 12940. (ECF No. 1 at 17 ("FAC").) Plaintiff alleges as follows in his first amended complaint.

Defendants hired plaintiff on December 6, 2004; and he was wrongfully terminated on September 7, 2018 "in contravention to his permanent employment status." (FAC at ¶¶ 1, 15.) When plaintiff was terminated, he was a "permanent employee promoted to a position within the same department in the unclassified service." (Id. at ¶ 17.) Plaintiff "attained permanent classified status" around January 8, 2006 after passing probation, which he did again around March 1, 2009. (Id.)

Plaintiff performed his job competently and generally "met or exceeded standards in performance." (Id. at ¶ 18.)

"On or about April 2018, Plaintiff was informed by then-Public Defender Jeff Gorder that he was not an at will employee and would return to his previous status as a Deputy Public Defender III if he did not pass probation as a Senior Deputy Public Defender. Plaintiff relied on and took comfort in Mr. Gorder's words." (Id. at ¶ 20.) Defendant Bateman terminated plaintiff

2

on September 7, 2018, stating plaintiff is an at will employee and he would not take questions. (Id. at ¶ 22.) Shasta County Chief Public Defender Investigator John Gates was present at the termination. (Id.) Plaintiff was 49 at the time of his termination. (Id. at ¶ 24.) "Defendants hired significantly younger and less experienced employees to replace Plaintiff and fill the remaining Senior Deputy Public Defender and other deputy public defender positions." (Id. at ¶ 25.)

"At no time prior to said termination did Plaintiff receive a hearing required pursuant to *Skelly v. State Personnel Board* (1975) 15 Cal. 3d 194 in violation of Plaintiff's due process rights under the Fifth and Fourteen Amendments." (Id. at ¶ 26.) "Defendants failed to follow Shasta County Personnel Rules and procedures that protect the rights and benefits of an employee who attained permanent status." (Id. at ¶ 27.)

Regarding his right to due process of law claim, plaintiff alleges that he "had a legitimate expectation of continued employment as a Deputy Public Defender III of the County of Shasta" and he "has a constitutionally protected property interest in his employment with the County of Shasta as a deputy public defender who had achieved permanent classified employment status." (Id. at ¶¶ 36–37.) Further, defendants owed plaintiff a duty to provide plaintiff "with a pre-termination hearing prior to terminating" his employment. (Id. at ¶ 38.) Defendants "are not entitled to qualified immunity for the complained of conduct." (Id. at ¶ 41.)

Regarding his age discrimination claim, plaintiff "contends that the reasons given by Defendants, and each of them, were a pretext to mask their true reason(s) for taking the actions against him about which he has complained." (Id. at ¶ 62.) Rather, plaintiff alleges, "age was a substantial motivating factor in Defendants' decision to take action against him about which Plaintiff complains." (Id. at ¶ 63.)

**IV.    Plaintiff's Writ of Mandate**

Along with the FAC, plaintiff/petitioner (hereinafter, "plaintiff") filed a petition for writ of mandate pursuant to Cal. Code Civ. Procedure § 1085. (ECF No. 1 at 33-42.) The allegations in the petition are substantively the same allegations as in the FAC.

Plaintiff seeks a writ directing defendants/respondents to set aside their 2018 decision terminating plaintiff's employment, reinstate him as a Deputy Public Defender III, and pay him

3

backpay from September 7, 2018 to the date of reinstatement. Plaintiff also seeks an order directing that he receive any civil service protections or hearings required by California law or Shasta County Personnel Rules for the reinstated position. (Id. at 41-42.)

**V.      Motion to Remand**

Plaintiff brings a motion to remand the petition for writ of mandate only, not the accompanying FAC. (ECF No. 5.) Plaintiff argues for remand of the petition on the following grounds: (1) the writ of mandate "raises novel or complex issues of state law;" and (2) issues of judicial economy, convenience, fairness, and comity weigh in favor of remanding the writ to state court. (ECF No. 5 at 2.)

     **a.   Legal Standard**

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance," Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation marks omitted).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

With regard to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief

4

necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. Of State of Cal. v. Constr. Laborers Vacation Tr. For S. Cal., 463 U.S. 1, 27–28 (1983); see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks omitted).

### b. **Analysis**

Under California law, "[a] writ of mandate may be issued . . . to compel the performance of an act which the law specially enjoins, as a duty resulting from an office[.]" Cal. Civ. Proc. Code § 1085; California Hosp. Ass'n v. Maxwell-Jolly, 188 Cal. App. 4th 559, 570–71 (2010) (mandamus "will lie to force a particular action ... when the law clearly establishes the petitioner's right to such action") (internal quotation marks omitted). "There are two essential requirements to the issuance of a traditional writ of mandate: (1) a clear, present and usually ministerial duty on the part of respondent, and (2) a clear, present and beneficial right on the part of the petitioner to the performance of that duty." Tulare Local Health Care District v. California Dept. of Health Care Servs., 328 F.Supp.3d 988, 990 (N.D. Cal. 2018), citing California Hospital Ass'n, 188 Cal. App. 4th at 558. "[A] writ of mandate is an appropriate method for enforcing a violation of federal law, even where the law creates no private right of action[.]" California Assn. for Health Servs. at Home v. State Dept. of Health Servs., 148 Cal. App. 4th 696, 706 n.5 (2007) (citation omitted).

Here, the same allegations support both plaintiff's § 1983 claim in the FAC and his petition for writ of mandate. In his motion to remand the petition, plaintiff asks that the Court decline to exercise supplemental jurisdiction over the petition and remand it (but not the FAC) to superior court.

Plaintiff first argues that the petition "raises a novel or complex issue of state law." See 28 U.S.C. § 1367(c) (district courts may decline to exercise supplemental jurisdiction over a claim that raises novel or complex issues of state law). See, e.g., Pacific Bell Telephone Co. v.

City of Walnut Creek, 428 F. Supp. 2d 1037, 1049 (N.D. Cal. April 13, 2006) (declining to exercise supplemental jurisdiction over claim requiring interpretation of California statutes governing telephone companies that provide cable television service, reasoning that this constituted a novel or complex issue of state law). However, the gravamen of the action is a straightforward employment case, turning on whether defendants/respondents (hereinafter, "defendants") terminated plaintiff's employment in compliance with agency personnel rules and whether they violated plaintiff's federal due process right to a hearing.

Plaintiff's second argument is that issues of judicial economy, convenience, fairness, and comity weigh in favor of remanding the writ to state court. On the contrary, however, remanding a petition based on the same factual allegations as plaintiff's § 1983 claim would create a risk of inconsistent rulings between the federal and state courts on the same issues and facts.

Where a mandamus action seeks to enforce a federal right, as in the § 1983 claim in this case, federal courts may retain supplemental jurisdiction over the petition. See, e.g., Tulare, 328 F.Supp.3d at 990 (noting that district court denied motion to remand petition for writ of mandate under § 1085 where petition "raised a number of issues of federal law"). "On the other hand, . . . some federal courts are reluctant to exercise such supplemental jurisdiction. One district court has noted that district courts "routinely deny supplemental jurisdiction over California writ of mandate claims" because "writs of mandate are exclusively state procedural remedies" and "involve complex issues of state law." Doe v. California Inst. of Tech, 2019 WL 4238888, *3 (C.D. Cal. April 30, 2019), citing Mory v. City of Chula Vista, 2011 WL 777914, at *2 (S.D. Cal. Mar. 1, 2011) (collecting cases); see also 28 U.S.C. § 1367(c)(1) (allowing district courts to decline supplemental jurisdiction over state claims that "raise[ ] a novel or complex issue of State law").

In the instant case, as in Doe v. California Inst. of Tech., the undersigned finds that plaintiff's federal due process claim and related state claims "do[] not involve complex issues of state law [or] . . . exclusively involve state policy and are readily determinable by a federal court with original jurisdiction over the original cause[] of action." 2019 WL 423888, *3. Like the Doe court, the undersigned finds it appropriate to exercise supplemental jurisdiction over

6

plaintiff's petition for writ of mandate. Thus, plaintiff's motion to remand should be denied.

**VI.  Motion to Dismiss**

Defendants bring a motion to dismiss the FAC and the petition for writ of mandate pursuant to Federal Rule of Civil Procedure 12(b)(6).

First, plaintiff has agreed to dismiss the two state claims alleged in the FAC. In an attachment to the motion to dismiss, defendants' attorney Nathan Jackson declares that, during prior meet and confer efforts, plaintiff "agreed to dismiss his first and third cause of action in the [FAC.]" (Jackson Decl., ECF No. 4-2 at ¶ 3.) Jackson attaches copies of emails received from plaintiff in January 2020, in which he states that he is willing to dismiss these claims without prejudice. (Id.; see ECF No. 4-2 at 4-5.) At the February 26, 2020 hearing, plaintiff confirmed that he will voluntarily dismiss the two state law claims in the FAC (negligent infliction of emotional distress and age discrimination). Thus the undersigned will order these claims voluntarily dismissed without prejudice pursuant to Rule 41(a).

The court considers plaintiff's remaining § 1983 claim alleging violations of his Fifth and Fourteenth Amendment due process rights to a pre-termination hearing. See Skelly v. State Personnel Board, 15 Cal. 3d 194 (1975).

**a.  Legal Standard**

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

7

the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In ruling on a motion to dismiss, the court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Gailbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002); see also Steckman v. Hart Brewing Co., Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) (on Rule 12(b)(6) motion, court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.") The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).

Section 1983 is a "vehicle by which plaintiffs can bring federal and constitutional and statutory challenges to actions by state and local officials." Naffe v. Frey, 789 F.3d 1030, 1035 (citation omitted); 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff (1) must allege a violation of a right secured by the Constitution and laws of the United States, and (2) must show that the alleged deprivation was committed by a person acting under color of state law." Id. at 1035-2036, citing West v. Atkins, 487 U.S. 42, 48 (1998). "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." Id. at 1036 (collecting cases).

Similarly, there are two requirements for the issuance of a writ under California Code of Civil Procedure § 1085: "(1) a clear, present, and usually ministerial duty upon the part of the respondent, and (2) a clear, present, and beneficial right in the petitioner to the performance of that duty. Where a statute leaves room for discretion, a challenger must show the official acted arbitrarily, beyond the bounds of reason, or in derogation of the applicable legal standards." Cal. Corr. Supervisors Org, Inc. v. Dept. of Corr., 96 Cal. App. 4th 824, 827 (2002). Moreover, to obtain issuance of a writ of mandamus, the petitioner must demonstrate that there is no other

plain, speedy, and adequate remedy. Cal. Code Civ. Proc. § 1086; see Morgan v. City of Los Angeles Board of Pension Commissioners, 85 Cal. App. 4th 836, 843 (2000).

### a. **Analysis**
#### 1. **Due Process Claim in FAC**

Defendants argue that, at the time of his termination, plaintiff was in an unclassified position and could be terminated at-will. Defendants argue that the County's personnel rules governing at-will employment are not ambiguous, and are consistent with the County's tiered personnel system, which excludes unclassified staff from civil service protections. Because plaintiff was in an unclassified position at the time of his firing, defendants argue, he could be terminated without cause or procedural protections, lacking any property right to return to his former classified position.

In Skelly v. State Personnel Board, 15 Cal. 3d 194 (1975), the state supreme court held that public employees may have a property and/or liberty interest in their employment that is protected by the Due Process Clause of the Fourteenth Amendment. If such an interest exists, the employee must be afforded a hearing before being deprived of the interest. See Cal. Practice Guide, Public Sector Employment Litigation, Constitutional Claims and Defenses, § 3:616 (July 2019). "A state law which limits the grounds upon which an employee may be discharged, such as conditioning dismissal on a finding of cause, creates a constitutionally protected property interest." Dyack v. Commonwealth of Northern Mariana Islands, 317 F.3d 1030, 1033 (9th Cir. 2003) (internal citation omitted). "Where, however, a state employee serves at will, he or she has no reasonable expectation of continued employment, and thus no property right." Id.

Plaintiff alleges that he began working as a Deputy Public Defender for the County of Shasta in 2004, rising through the ranks to become a Senior Deputy Public Defender in 2018, for a total of nearly 14 years' employment. (FAC, ¶ 16.) Plaintiff alleges that he attained "permanent classified status" with the County in January 2006 and performed satisfactorily as reflected in performance reviews. (FAC, ¶¶ 17-18.) On March 18, 2018, plaintiff alleges, he was "promoted from his permanent classified position of Deputy Public Defender III into the unclassified service within the same department to the position of Senior Deputy Public

9

Defender." (FAC, ¶ 19.) Soon afterward, then-Public Defender Jeff Gorder told plaintiff "that he was not an at will employee and would return to his previous status as a Deputy Public Defender III if he did not pass probation as a Senior Deputy Public Defender. Plaintiff relied on . . . Mr. Gorder's words." (FAC, ¶ 20.) In July 2018, defendant William Bateman took over as Shasta County Public Defender, and on September 7, 2018, Bateman terminated plaintiff's employment with no explanation except to say plaintiff was an "at will employee." (FAC, ¶¶ 21-22.)

Plaintiff asserts that defendants failed to follow Shasta County Personnel Rule Section 5.2(B), which provides[1]:

> <u>Any permanent classified employee who is transferred or promoted to a position within the same department in the unclassified service shall retain all rights and benefits as a permanent employee of the employee's former class while in such unclassified status.</u> These include the right to return to the former class in the event of layoff. Service in the unclassified position shall not count toward seniority credits in the employee's former class in the event of layoff. <u>Nothing in this subsection is intended to render any employee in an unclassified position eligible for the provisions of Chapter 7, et seq, dealing with disciplinary procedures for classified employees.</u>

(Emphasis added.) "Section 5.2(B) mandates that permanent classified employees such as Petitioner promoting into the unclassified service within the same department retain rights and benefits that include their right to continued public employment and procedural due process rights that must take place prior to termination," plaintiff asserts. (ECF No. 8 at 12.)

Defendants agree up to a point. "Taken as a whole," their memorandum in support of dismissal states, "the County's Personnel Rules provide that an employee who is promoted from the classified service to the unclassified service is at-will but retains a right of reversion <u>in the event of a layoff, but not in the event of a discharge for any other reason (i.e. cause)</u>. Because there is no right of reversion in the event of a dismissal for a reason other than a layoff, a dismissal for any other reason necessarily accomplishes a total separation from the County and the employee is not entitled to any pre-or post-disciplinary appeal rights." (ECF No. 4-1 at 9-10; emphasis added).

---

[1] ECF No. 4-5, Exh. A. to RJN at 20.

10

Defendants cite Section 7 of the County's Personnel Rules, which govern disciplinary actions and set forth procedural rights (e.g., a written reprimand and suspension without pay) for <u>classified</u> employees subject to discipline, including termination. Defendants point to the language in Rule 5.2(B) providing: "Nothing in this subsection is intended to render any employee in an <u>unclassified</u> position eligible for the provisions of Chapter 7, et seq., dealing with disciplinary procedures for classified employees." Defendants also cite Section 1.29 of the Personnel Rules, which define "unclassified service" and provide in part: "Unclassified employees serve at the will and pleasure of the appointing authority and are not subject to any article or provision of the Rules or MOUs which may appear to confer a property right or permanent status to any unclassified position."[2] Finally, defendants cite the County's MOU with the Shasta County Mid-Management Bargaining Unit[3], in effect at the time of plaintiff's termination, which states in relevant part: "Nothing within this Agreement shall serve to create any property interest in employment for an employee in an 'unclassified position' in County service. Such an employee serves at the will of his/her appointing authority." Thus, defendants argue, months after plaintiff was promoted into an unclassified job, Section 5(B) did not render him eligible for the procedural protections he would have had in a classified position.

Had plaintiff been laid off, defendants acknowledge, he would have retained a "right of reversion" to a classified position under Section 5.2(B). Section 17.2 of the County's Personnel Rules distinguishes between a firing and a layoff, defining "layoff" as "an involuntary separation of an employee or a reduction in hours from regular full-time to regular part-time due to lack of work or funds, reorganization, or economic or other reasons as deemed necessary by the Board of Supervisors or appointing authority. Layoff does not include separation for cause as defined by Chapter 7."[4] Defendants read the pleadings to allege that plaintiff was fired, not laid off, such that no further factual development on this question is required. At the hearing before the undersigned, plaintiff confirmed that he was fired as an at-will employee, and that he sought no

---

[2] ECF No. 4-5, Exh. A to RJN at 10.
[3] ECF No. 4-9, Exh. E to RJN at 4.
[4] ECF No. 4-5, Exh. A to RJN at 90.

11

factual development as to whether his termination was a firing or layoff.

In opposition to the motion to dismiss, plaintiff argues that Section 5.2(B) should be read to mean that the "right to return" to a classified position applies to all terminations of at-will employment, not just layoffs, but this reading is unpersuasive in light of the County policies cited by defendant, which collectively make clear that unclassified employees do not enjoy the same protections as classified employees. In opposition to dismissal, plaintiff cites McGraw v. City of Huntington Beach, 882 F.2d 384 (9th Cir. 1989), in which an employee of the City of Huntington Beach who had attained permanent employee status, along with its associated seniority and due process rights, voluntarily took a position in a different city department. In her new job, she was subject to a "promotional probationary period" and was summarily terminated before that probationary period ended. Id. at 386–87. The plaintiff sought damages from the city under § 1983 for the deprivation of her property right to continued public employment. Id. at 387. The Ninth Circuit held that, having once attained permanent employee status with the city, the plaintiff had a constitutionally protected property interest in her continued employment and could not be summarily terminated. Id. at 392.

Defendants counter that McGraw is distinguishable because, unlike the City of Huntington Beach, the County of Shasta deliberately chose to give a vested right to "bounce back" to classified employment to at-will employees only in the event of a layoff, as set forth in the policies above. By the County's own rules, the right to return to a classified position did not apply to at-will employees fired for cause. See Williams v. Dept. of Water & Power, 130 Cal. App. 3d 677, 680 (1982) ("It is well settled that the terms and conditions of public employment, including term of service, are fixed by statute, rules, or regulations creating it, not by contract (even if one is involved) as in private employment. In all cases dealing with termination of public employment the court examines the statutory scheme creating and regulating the same.") (internal citations omitted). In Palm v. Los Angeles Dept. of Water and Power, 889 F.3d 1081, 1085 (9th Cir. 2018), the Ninth Circuit observed that it is "well settled that the procedural due process protections of the Fourteenth Amendment apply only to deprivations of property interests, the existence and dimensions of which are 'defined by existing rules or understandings that stem

from an independent source such as state law," citing McGraw, 882 F.2d at 389. "Because the City of Los Angeles is the employer in this case, our review of 'applicable law' turns on an analysis of the City's charter and applicable personnel rules," the Court continued. Id. at 1085-1086. Where the city's civil service rules "indicate that probationary positions held by city employees are not vested with a protected property interest," the Court concluded, an employee's prior permanent status "has no effect on his probationary status in another position." Id. at 1087.

Here, because the County's personnel rules do not create a federally protected property interest for at-will employees terminated from their positions but not laid off, plaintiff's §1983 claim is subject to dismissal pursuant to Rule 12(b)(6).

    2. **Timeliness of Petition**

Defendants argue that the related state petition for writ of mandate is untimely under the Government Claims Act. The County rejected plaintiff's government tort claim on April 3, 2019.[5] Pursuant to Government Code § 945.6(a)(1), plaintiff had six months to file a lawsuit based on the claim. Defendants assert that plaintiff's filing of the instant petition on December 6, 2019, more than eight months later, is an incurable defect. Plaintiff counters that the petition is timely because it relates back to an earlier-filed complaint in the Shasta Superior Court.

Even assuming arguendo that the petition relates back and is timely, plaintiff has not shown he is entitled to writ relief under the standard set forth above.

Accordingly, IT IS HEREBY ORDERED THAT Claims 1 and 3 in the First Amended Complaint, alleging negligent infliction of emotional distress and age discrimination under California Government Code section 12940(a), are dismissed without prejudice pursuant to Rule 41(a).

////

////

////

////

---

[5] ECF No. 4-8, Exh. D to RJN.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand the Petition for Writ of Mandate (ECF No. 5) be denied; and

2. Defendants' Motion to Dismiss the First Amended Complaint and Petition for Writ of Mandate under Federal Rule of Civil Procedure 12(b)(6) be GRANTED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 28, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / richardson113.mtd_fr